# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| NATHAN SIBLOCK, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 1:23-cv-00682 |
| **v.** | § | **JURY** |
| | § | |
| IMPACT UNLIMITED, INC., d/b/a | § | |
| IMPACT XM, and JARED POLLACCO; | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT JARED POLLACCO'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant **JARED POLLACCO** ("Defendant"), hereby removes the action styled and numbered *Nathan Siblock, Plaintiff, v. Impact Unlimited, Inc. d/b/a Impact XM, and Jared Pollacco,* Cause No. D-1-GN-23-001632, pending in the 261st Judicial District Court of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. § 1332(a)(3), 1441, and 1446.

### I.    THE STATE COURT ACTION

1.    The above-styled case was initially brought in the 261st Judicial District Court of Travis County, Texas on March 24, 2023, when Plaintiff Nathan Siblock ("Plaintiff") filed his Original Petition with the Travis County District Court Clerk. The matter was assigned Cause No. D-1-GN-23-001632. A true and correct copy of Plaintiff's Original Petition is attached hereto as Exhibit A, and is incorporated herein by reference.

2.    Plaintiff's Original Petition, which appears to include a jury demand, identifies two Defendants as being the only Defendants in this action—namely, removing defendant Jared Pollacco and Impact Unlimited, Inc., d/b/a Impact XM, the company of which Mr. Pollacco is the CEO.[1]

3.    A state court Answer and General Denial was filed on behalf of Defendants Pollaco and Impact on June 2, 2023.  A true and correct copy of Defendants' Answer to Plaintiff's Original Petition, filed on June 2, 2023, is attached hereto as Exhibit B, and is incorporated herein by reference.  A true and correct copy of the docket maintained by the 261st District Court pertaining to the above-referenced matter is attached hereto as Exhibit C.[2]

## II.    DEFENDANT'S REMOVAL IS TIMELY

4.    Defendant files this Notice of Removal within the 30 day period required by 28 USC § 1446(b) because it is being filed within 30 days after the receipt by the Defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

## III.    VENUE IS PROPER

5.    Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. §§ 124(d)(1) and 1441(a), because this district and division embrace the place in which the removed action has been pending.

## IV.    BASIS FOR REMOVAL

6.    Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter

---

[1] See Plaintiff's Original Petition, a true and correct copy of which is attached hereto as Exhibit A, and is incorporated herein by reference.

[2] Copies of all process, pleadings, and state court orders served upon or filed by Defendant are attached hereto.  See Exhibits A-C.

pursuant to 28 U.S.C. § 1332(a)(3). Specifically, removal is proper because this is a civil action between citizens of different States and in which a citizen or subject of a foreign state is an additional party, and because there is now, and at the time this action was filed was, complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000 excluding interest and costs.

7.    Plaintiff NATHAN SIBLOCK is a resident of the City of Austin in Travis County, Texas, and is thus a domiciliary of the State of Texas, and considered to be a citizen of Texas for purposes of diversity jurisdiction and removal.

8.    Defendant IMPACT UNLIMITED, INC. d/b/a/ IMPACT XM was at the time this lawsuit was filed, and is on the date of this Notice of Removal was filed, a New Jersey corporation with its principal place of business located at 250 Ridge Road, Dayton, New Jersey, 08810.

9.    Defendant JARED POLLACCO is a citizen of Canada, and presently resides in Oakville, Ontario, Canada.

10.    No Defendant is a citizen of the State of Texas, the state in which this action was brought.

11.    Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendants.

## V.    AMOUNT IN CONTROVERSY

12.    When removal is premised upon diversity jurisdiction and the parties' dispute whether the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[3] The district court must first examine the petition to determine whether it

---

[3] *Manguno v. Prudential Prop. & Gas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

is "facially apparent" that the claims exceed the minimum jurisdictional requirement. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[4]

13.     It is facially apparent from the pleadings filed in the above-styled action that Plaintiff's claims exceed the jurisdictional amount, as Plaintiff's Original Petition alleges that he is seeking monetary relief "of more than $1,000,000." As such, Defendant's burden with regard to the amount in controversy is satisfied.[5] Thus, Plaintiff's claims exceed the minimum jurisdictional requirement of $75,000.00.

14.     Because there is complete diversity among the parties, and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## VI.     COMPLIANCE WITH 28 USC § 1446

15.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of the 261st Judicial District Court of Travis County, Texas.

16.     All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

## VII.     JURY DEMAND

17.     Plaintiff demanded a jury trial in his Original Petition.

## VIII.     CONCLUSION

WHEREFORE, Defendant **JARED POLLACCO** requests that this action be removed from the 261st Judicial District Court of Travis County, Texas, to the United States District Court

---

[4] *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[5] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Plaintiff's Original Petition alleges that he is seeking monetary relief "of more than $1,000,000." See Exhibit A, at p. 1.

for the Western District of Texas, Austin Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**GORDON & REES**

/s/ Robert A. Bragalone
**ROBERT A. BRAGALONE**
State Bar No. 02855850
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
214-231-4660 (Telephone)
214-461-4053 (Facsimile)
**ATTORNEYS FOR DEFENDANT**
**JARED POLLACCO**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served pursuant to TEXAS RULES OF CIVIL PROCEDURE 21 and 21a on all counsel of record on June 15, 2023 via the Court's electronic service system.

_/s/ Robert A. Bragalone_
**ROBERT A. BRAGALONE**

# EXHIBIT A

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-23-001632**

NATHAN SIBLOCK

, PLAINTIFF(S)

vs.

IMPACT UNLIMITED, INC.; JARED POLLACCO

, DEFENDANT(S)

TO:    **JARED POLLACCO**
       **250 RIDGE ROAD**
       **DAYTON NJ  08810**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF S ORIGINAL PETITION** in the above styled and numbered cause, which was filed on **March 24, 2023** in the **261st District Court** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **March 30, 2023**

REQUESTED BY:
**MELTON, JOHN FOSTER**
**925 S CAPITAL OF TEXAS HWY STE B225**
**AUSTIN, TX  78746**



Velva L Price
Travis County District Clerk
Civil Family Court Facility (CFCF)
1700 Guadalupe Street, P.O. Box 679003 (78767)
Austin TX 78701

**Rosa Oneal, Deputy**

**R E T U R N**

Came to hand on the **30** day of **March**, **2023** at **3:59** o'clock **P.** M., and executed at

_____ within the County of _____ on

the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named ✳

_____, each in person, a true copy of this citation

together with the **PLAINTIFF S ORIGINAL PETITION** accompanying pleading, having first attached such copy of

such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By: _____

_____ day of _____, _____.

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-23-001632                              **SERVICE FEE NOT PAID**

✳By USPS 7020-1810-0000-1410-9521, mailed 3-31-2023 RRR

3/24/2023 6:05 PM
Veiva L. Price
District Clerk
Travis County
D-1-GN-23-001632
Rosa Oneal

D-1-GN-23-001632

CAUSE NO.: _____

| | | |
|---|---|---|
| NATHAN SIBLOCK, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| IMPACT UNLIMITED, INC., | § | |
| d/b/a IMPACT XM, and | § | |
| JARED POLLACCO | § | 261ST, DISTRICT COURT |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Nathan Siblock, and files this Original Petition complaining of Defendant Impact Unlimited, Inc., d/b/a Impact XM and Jared Pollacco, and for cause of action would show the Court the following:

### I. DISCOVERY CONTROL PLAN

1.1.    Plaintiff intends that discovery be conducted under Level 2 pursuant to TEX. R. CIV. P. 190.

1.2    Pursuant to TEX. R. CIV. P. 47, Plaintiff affirmatively pleads that this suit is not governed by the expedited-actions process under TEX. R. CIV. P. 169. Plaintiff further pleads that it seeks monetary relief of more than $1,000,000.

### II.

### THE PARTIES

2.1    Plaintiff is an individual who can be contacted through counsel.

2.2    Defendant Impact Unlimited, Inc., d/b/a Impact XM is an entity that may be served through its CEO, Jared Pollacco at 250 Ridge Road, Dayton, NJ 08810.

2.3    Defendant Jared Pollacco can be served at his last known address for employment, 250 Ridge Road, Dayton, NJ 08810.

III.

JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1    The amount in controversy exceeds the jurisdictional minimum amount in controversy for this Court.

3.2    Venue is proper in Travis County, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 15.002, because all or a substantial part of the events or omissions giving rise to this claim occurred in Travis County.

3.3    All conditions precedent have been performed or have occurred.

IV.

FACTS

4.1    On March 9, 2022 Plaintiff had a call with his former boss/mentor Jared Pollacco saying that he's not feeling appreciated at the company and might start looking for a new challenge. Plaintiff's former boss/mentor then said since he brought it up he may have an opportunity for Plaintiff with a start up that he and another partner were thinking about. Plaintiff told his boss that he would think about it and get back to him.

4.2    On March 14, 2022 Plaintiff called his former boss/mentor and said that he would love to hear more about the idea. Plaintiff and his boss talked about how Plaintiff would get equity in the company and profit sharing and be able to help shape the company.

4.3    On March 15, 2022 Plaintiff, his wife, and a client/friend from AT&T had dinner. Over dinner Plaintiff asked him as a friend for advice as he has done previously in the past about his opportunity.

When Plaintiff asked him he stated that he had a non compete and would not solicit his business. He offered advice.

4.4    On March 16, 2022 while chatting with one of his colleagues and friend, Plaintiff mentioned the opportunity he had. Never once did Plaintiff solicit her or tell her he was going to take the opportunity.

4.5    On March 22, 2022 Plaintiff had a call with the other partner. Plaintiff had a trip planned to NY and agreed to have dinner with him while he was there.

4.6    On March 24, 2022 Plaintiff received a call from the president of his current company saying he heard that Plaintiff was going to start his own agency to compete against him and that Plaintiff has been soliciting all his clients and current employees. He said that was a breach of contract and Plaintiff was terminated immediately. Plaintiff was in Orlando at a trade show for his employer.

4.7    That same day and in the next week Plaintiff received multiple calls from clients saying that the president had called them and said he was fired for unethical, unlawful and immoral reasons. The president told them all that Plaintiff was soliciting its clients. They all told him that none of them had heard anything since Plaintiff never once did anything he said.

4.8    Also, of importance is the fact that this opportunity of starting a new agency was only an idea. There was no company, no website nothing. Plaintiff was simply having a conversation.

4.9    On May 22, 2022 Plaintiff came home from Punta Cana and was brought into secondary to find out his old company who sponsored his visa had renounced it. Plaintiff tried to come in as a visitor but because no one from his old company told him the boarder agents said he overstayed his welcome (which was not correct). Plaintiff was detained, spent the night in a county jail, and then deported back to Toronto the next day. Plaintiff while working with his immigration lawyer later found out that by law the old company not only had to tell him about his visa situation but they had to help get Plaintiff back

Page 3 of 5

to Canada since they were his sponsor which obviously did not happen.

## V.

## CAUSES OF ACTION

5.1     The allegations contained in Paragraphs 4.1 through 4.9 inclusive are hereby incorporated by reference for all causes of action.

### Defamation

5.2     Defendants stated statements of fact that referred to Plaintiff that were false and defamatory. Defendants acted with actual malice or alternatively were negligent. Plaintiff suffered damages as a result as outlined below.

## VI.

## DAMAGES

6.1     As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the past and future, and all lost benefits under the contract or employment relationship.

6.3     As a result of Defendants' actions, Plaintiff has been damaged in past and future loss of earnings and loss of earning capacity, loss of past and future income, loss of employment, loss of employment benefits, injury to character or reputation, and mental anguish.

6.4.    In addition, because Defendants have acted with actual malice, Plaintiff further seeks exemplary or punitive damages from Defendant.

## VII.

## JURY DEMAND

7.1     Plaintiff hereby demands a trial by jury of all the issues and facts in this case and tenders the requisite fee.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendants as requested above, and as follows:

1.  Judgment against Defendants for all damages alleged in this petition;

2.  Interest before and after judgment at the highest rate provided by law, until paid;

3.  Costs of suit;

4.  Reasonable and necessary attorneys' fees and expert witness fees

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 S. Capital of Texas Hwy., Suite B225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile


/s/ John F. Melton
John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155
Michael W. Balcezak
State Bar No.: 24012236
Michael@jfmeltonlaw.com
ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

John Melton
Bar No. 24013155
jmelton@meltonkumler.com
Envelope ID: 74012256
Filing Code Description: Petition
Filing Description: PLAINTIFF'S ORIGINAL PETITION
Status as of 3/28/2023 11:22 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Paige Densman | | paige@jfmeltonlaw.com | 3/24/2023 6:05:25 PM | SENT |
| John Melton | | jmelton@jfmeltonlaw.com | 3/24/2023 6:05:25 PM | SENT |
| michael Balcezak | | michael@jfmeltonlaw.com | 3/24/2023 6:05:25 PM | SENT |

THE **LAWYER REFERRAL SERVICE** OF CENTRAL TEXAS
*A Non-Profit Corporation*

## IF YOU NEED A LAWYER
## AND DON'T KNOW ONE,
## THE LAWYER REFERRAL SERVICE
## CAN HELP

### 512-472-8303
**866-303-8303 (toll free)**
**www.AustinLRS.com**

Weekdays 8:00 am to 4:30 pm
$20.00 for first half hour attorney consultation
(free consultations for personal injury, malpractice, worker's compensation,
bankruptcy, and social security disability)

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

## SI USTED NECESITA EL CONSEJO DE UN
## ABOGADO Y NO CONOCE A NINGUNO
## PUEDE LLAMAR
## A LA REFERENCIA DE ABOGADOS

### 512-472-8303
**866-303-8303 (llame gratis)**
**www.AustinLRS.com**

Abierto de lunes a viernes de 8:00 am-4:30 pm
$20.00 por la primera media hora de consulta con un abogado
(la consulta es gratis si se trata de daño personal, negligencia,
indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

# EXHIBIT B

6/2/202', 4:41 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-23-001632
Susan Schmidt

CAUSE NO. D-1-GN-23-001632

| | | |
|---|---|---|
| **NATHAN SIBLOCK,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **IMPACT UNLIMITED, INC., d/b/a** | § | **261ST JUDICIAL DISTRICT** |
| **IMPACT XM, and JARED** | § | |
| **POLLACCO,** | § | |
| | § | |
| **DEFENDANTS.** | § | |
| | § | |
| | § | |
| | § | |
| | § | **TRAVIS COUNTY, TEXAS** |

## ORIGINAL ANSWER AND GENERAL DENIAL OF DEFENDANTS
### IMPACT UNLIMITED, INC., d/b/a IMPACT XM, and JARED POLLACCO

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW **IMPACT UNLIMITED, INC., d/b/a IMPACT XM, and JARED POLLACCO,** Defendants herein ("Defendants"), and files this Original Answer and General Denial and would show unto the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendants denies each and every, all and singular, of the material allegations contained in Plaintiff's Original Petition and any subsequent amendments thereto and demands strict proof of each and every allegation by a preponderance of the evidence.

## II.
## PRAYER

WHEREFORE, Defendants **IMPACT UNLIMITED, INC., d/b/a IMPACT XM,** **and JARED POLLACCO,** pray that:

      a.      Plaintiff takes nothing by way of their claims;

      b.      Defendants recover its attorney fees, costs, and expenses as allowed by law; and

      c.      Defendants recover such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

**GORDON & REES**

/s/ Robert A. Bragalone
**ROBERT A. BRAGALONE**
State Bar No. 02855850
BBragalone@grsm.com
**THOMAS J. MOSES**
State Bar No. 00795061
TMoses@grsm.com
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
214-231-4660 (Telephone)
214-461-4053 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**
**IMPACT UNLIMITED, INC., d/b/a**
**IMPACT XM, and JARED POLLACCO**

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 2, 2023, a true and correct copy of the foregoing document was served pursuant to TEXAS RULES OF CIVIL PROCEDURE 21 and 21a.

/s/ Thomas J. Moses

Thomas J. Moses

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Denise Houser on behalf of Robert Bragalone
Bar No. 2855850
dhouser@gordonrees.com
Envelope ID: 76255544
Filing Code Description: Answer/Response
Filing Description: ORIGINAL ANSWER AND GENERAL DENIAL OF DEFENDANTS IMPACT UNLIMITED, INC., d/b/a IMPACT XM, and JARED POLLACCO
Status as of 6/7/2023 10:08 AM CST

Associated Case Party: IMPACT UNLIMITED, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robert A.Bragalone | | bbragalone@grsm.com | 6/2/2023 4:41:47 PM | SENT |
| Thomas Moses | | tmoses@grsm.com | 6/2/2023 4:41:47 PM | SENT |

Associated Case Party: JARED POLLACCO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robert A.Bragalone | | bbragalone@grsm.com | 6/2/2023 4:41:47 PM | SENT |
| Thomas Moses | | tmoses@grsm.com | 6/2/2023 4:41:47 PM | SENT |

Associated Case Party: NATHAN SIBLOCK

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John F.Melton | | jmelton@jfmeltonlaw.com | 6/2/2023 4:41:47 PM | SENT |

# EXHIBIT C

## 261st District Court

# Case Summary

### Case No. D-1-GN-23-001632

| | |
|---|---|
| **NATHAN SIBLOCK vs. IMPACT UNLIMITED, INC.,JARED POLLACCO** | § Location |
| | § **261st District Court** |
| | § Judicial Officer |
| | § **261ST, DISTRICT COURT** |
| | § Filed on |
| | § **03/24/2023** |

---

## Case Information

Case Type:   Defamation

Case Status:   **03/24/2023   Open**

---

## Assignment Information

**Current Case Assignment**

Case Number    D-1-GN-23-001632
Court          261st District Court
Date Assigned  03/24/2023
Judicial Officer 261ST, DISTRICT COURT

---

## Party Information

| | | |
|---|---|---|
| **Plaintiff** | **SIBLOCK, NATHAN** | **MELTON, JOHN FOSTER** *Retained* |
| **Defendant** | **IMPACT UNLIMITED, INC.** | **BRAGALONE, ROBERT A** *Retained* |
| | **POLLACCO, JARED** | **BRAGALONE, ROBERT A** *Retained* |

## Case Events

03/24/2023    ORIGINAL PETITION/APPLICATION (OCA)
            *PLAINTIFF'S ORIGINAL PETITION*
            Party:  Plaintiff SIBLOCK, NATHAN

06/02/2023
ORIGINAL ANSWER/WAIVER
*ORIGINAL ANSWER AND GENERAL DENIAL OF DEFENDANTS IMPACT UNLIMITED, INC.,
d/b/a IMPACT XM, and JARED POLLACCO*
Party:  Defendant IMPACT UNLIMITED, INC.;
        Defendant POLLACCO, JARED


## Service Events

03/30/2023    **Citation**
            IMPACT UNLIMITED, INC.
            Unserved
            POLLACCO, JARED
            Unserved