# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **NATHAN SIBLOCK,** *Plaintiff* § § § | |
| **v.** § § | **No. 1-23-CV-00682-DII** |
| **JARED POLLACCO, IMPACT UNLIMITED, INC.,** *Defendants* § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   HONORABLE UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Nathan Siblock's Motion to Remand to State Court, Dkt. 6; and all related briefing. After reviewing these filings and the relevant case law the undersigned recommends that the District Court grant Siblock's motion.

### I.   BACKGROUND

Siblock filed his original petition alleging defamation in the 261st District Court in Travis County on March 24, 2023. Dkt. 1, at 11. Siblock's petition named Pollacco and Impact Unlimited, the company for which Pollacco serves as CEO. *Id.* at 8. Pollacco and Impact filed an Answer and General Denial on June 2, 2023, in state court. *Id.* at 16. Defendant Pollacco removed Siblock's action to this Court on diversity grounds on June 15, 2023. *Id.* at 1. Pollacco is a resident of Canada, Impact's principal place of business is in New Jersey, and Siblock is domiciled in Texas. *Id.* at 3.

Siblock moves to remand his cause of action back to state court asserting that Pollacco and Impact were served on April 5, 2023, and that Pollacco's June 15, 2023,

1

Notice of Removal was untimely. Dkt. 6, at 1.[1] Siblock also argues that Impact did not file its consent to removal, and that all Defendants must consent for removal to be proper. *Id.* at 1-2.

Pollacco and Impact oppose remand and respond that the April 5, 2023, service upon them, via certified mail, return receipt requested to 250 Ridge Road, was invalid under both state and federal law. Dkt. 7, at 2. Pollacco attests that he could not, and did not, receive mail at that address that day because he was at his home in Ontario, Canada. *Id.* at 3. Pollacco states that the signatures on the certified mail receipt of someone other than him prove that he did not receive the complaint. *Id.* Pollacco argues that under Rule 106(a) and Rule 107 of the Texas Rules of Civil Procedure, when a party is served by registered mail, the return receipt must be signed by the addressee, and that in any case service must be effected on the defendant. *Id.* at 3-4. While service was attempted before the case was removed to federal court, Pollacco argues that the manner of service used by Siblock would have been invalid under Federal Rule of Civil Procedure 4(e)(2) as well. *Id.* at 6. Pollacco asserts that there "is no evidence proper service was ever effected on either Defendant, or that the 30-day removal countdown clock was ever triggered" such that Defendants' Notice of Removal was untimely. *Id.* at 7. Pollacco also argues that since there was no evidence

---

[1] The return service forms for Siblock's state court petition show that Impact c/o CEO Jared Pollacco was served by certified mail, return receipt requested, at 250 Ridge Road, Dayton, New Jersey 08810 and that Salvatore Savarese signed for the delivery. Dkt. 6-1, at 1. Pollacco was served at the same address, on the same day, and Salvatore Savarese signed for that delivery as well. Dkt. 6-2, at 1

Impact was ever served, its consent to removal was not necessary, and the absence of consent does not warrant remand. *Id.* at 7-8.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 377).

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy more than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of

remand to state court."). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Title 28 U.S.C. § 1446 governs the procedure for removal from state to federal court and requires the defendant in a civil action to file a notice of removal within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...." 28 U.S.C. § 1446(b). The Supreme Court clarified this language in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999), holding that a defendant's 30-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels.

Similarly, 28 U.S.C. § 1447 establishes the procedures following removal. Specifically, § 1447 provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal...." *See* 28 U.S.C.A. § 1447(c). In contrast, if a court finds that it lacks subject matter jurisdiction, the court must remand the case, even if the 30 days have passed. *Id.* Lastly, though the removal deadline is federal law, "the term service of process is defined by state law," and therefore this Court must evaluate propriety of service under Texas law. *See Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (internal quotations omitted).

### III.  DISCUSSION

#### A.  Service

The initial issue before the undersigned is whether Defendants were properly served and the effect the date of service, or waiver thereof, has on the timeliness of removal. Texas law allows service of process to "be effected by personal service upon the defendant or by mailing the service documents to the defendant by certified mail, return receipt requested." *Ellibee v. Leonard*, 226 F. App'x 351, 356 (5th Cir. 2007) (citing Tex. R. Civ. P. 106(a)). The return of service by certified mail must include a certified mail receipt with the addressee's signature. Tex. R. Civ. P. 107(c).

In this case, service to defendants was addressed to Defendant "Jared Pollacco" and to Defendant "Impact Unlimited, Inc. c/o Jared Pollacco" at 250 Ridge Road in Dayton, New Jersey. Dkts. 6-1; 6-2. Pollacco's signature on behalf of himself or on behalf of Impact does not appear on the return receipts. *Id.* Thus, Siblock's attempted service was insufficient. *See Ayika v. Sutton*, 378 F. App'x 432, 433-34 (5th Cir. 2010).

Because Pollacco and Impact were never served, the date of service did not act to trigger the running of the § 1446(b) 30-day time limit for removal. *See Shakouri v. Davis*, 923 F.3d 407, 409-10 (5th Cir. 2019) ("If a defendant is never properly served, the thirty-day limit for filing a notice of removal does not commence to run.").

Defendants' answer in state court, however, does affect the 30-day time limit for removal. Although the Fifth Circuit has not addressed this question directly, other federal district courts in Texas have. These courts have held that § 1446(b)'s 30-day removal period for a defendant who had not been formally or properly served

commenced to run on the date on which the defendant filed an answer in state court. *Cerda v. 2004-EQRI, LLC*, No. SA-07-CV-632-XR, 2007 WL 2892000, at *3 (W.D. Tex. Oct. 1, 2007); *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, No. CIV.A. H-10-3828, 2010 WL 5173004, at *3-4 (S.D. Tex. Dec. 14, 2010); *Chambers v. Greentree Servicing, LLC*, No. 3:15-CV-1879-M-BN, 2015 WL 4716596, at *4 (N.D. Tex. Aug. 7, 2015).

These courts' holdings are supported by Texas law governing general appearance and waiver of service of process. *Cf. Murphy Bros., Inc.*, 526 U.S. at 351 ("Unless a named defendant *agrees to waive service*, the summons continues to function as the *sine qua non* directing an individual or entity [named defendant] to participate in a civil action or forgo procedural or substantive rights." (first italic added)). A "defendant may enter an appearance," and "[s]uch appearance ... shall have the same force and effect as if the citation had been duly issued and served as provided by law." Tex. R. Civ. P. 120. Thus, a defendant "can waive defects in service by entering a general appearance." *J. O. v. Tex. Dep't of Family & Protective Servs.*, 604 S.W.3d 182, 188 (Tex. App.—Austin 2020, no pet.) (citing Tex. R. Civ. P. 120). And "[f]iling an answer constitutes a general appearance." *Phillips v. Dallas Cnty. Child Protective Servs. Unit*, 197 S.W.3d 862, 865 (Tex. App.—Dallas 2006, pet. denied) (citing Tex. R. Civ. P. 121). "An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." Tex. R. Civ. P. 121. The undersigned finds that Defendants Pollacco and Impact waived defects in service by filing their Answer and General Denial.

Because Defendants Pollacco and Impact filed their Original Answer and General Denial in the 261st District Court in Travis County, Texas, on June 2, 2023, and filed their Notice of Removal on June 15, 2023, which falls within 30 days after filing of the answer, removal was timely. *Cf. City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 213-14 (5th Cir. 2005) (stating removal was timely, where the defendant, who was not properly served before removal, filed a notice of removal along with an answer to the plaintiff's complaint in federal court, reasoning that "[t]he filing of the answer constitutes a voluntary appearance in the federal district court" and the defendant therefore "was properly a party in federal district court"); *see also Esquivel v. LA Carrier*, 578 F. Supp. 3d 841, 844-46 (W.D. Tex. 2022) (finding that where Defendant was not properly served, the filing of Defendant's state court answer triggered the running of the 30-day removal timeline, and notice of removal within 30 days of the answer was timely).

B.   **Failure of Defendants to Consent to Removal**

Having found that service was improper, though waived, and that notice of removal was timely, the next issue is whether Impact's consent to removal was required and whether failure to obtain consent is a procedural defect warranting remand.

Siblock argues that all defendants must consent to removal and that removal was improper in this case because Impact did not indicate its consent. Dkt. 6, at 1. Defendants respond that under the procedural rule for removal, 28 U.S.C. § 1446(b)(2)(A), Impact's consent was not required. Dkt. 7, at 8. Defendants contend

7

that unanimity of consent is required only when removal is based on federal question jurisdiction, not diversity jurisdiction, the basis of removal in this case. *Id.* Defendants argue § 1441(a) provides "the jurisdictional basis for removal based on the existence of federal question jurisdiction" and that the procedural rule governing removal states that "[w]hen an action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in consent to the removal of the action." *Id.* at 8-9 (citing 28 U.S.C. § 1446(b)(2)(A)). Therefore, in cases removed based on diversity jurisdiction, consent of all defendants is not required. *Id.* at 8-9.

To determine the applicability of § 1446(b)(2)(A), the undersigned must turn to the text of § 1441(a). Section 1441(a) provides:

> **Generally.**--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a)

This rule, the general removal statute, allows a defendant to remove a case to the federal district court for the district and division within which the action is pending, provided that the district court possesses original jurisdiction. A federal court has original jurisdiction through diversity jurisdiction or federal-question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332; *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005); *see also Halmekangas v. State Farm Fire and Casualty Co.,* 603 F.3d 290, 293 (5th Cir. 2010) ("Original jurisdiction, lies where the conditions of

8

28 U.S.C. §§ 1331 [federal question] or 1332 [diversity] are satisfied.") (internal quotations and citations omitted).

Under § 1446(b)(2)(A), which requires consent for removals under § 1441(a), consent is required in cases removed on the basis of both federal question and diversity jurisdiction. *See Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) ("Section 1441(a), the general removal statute, permits 'the defendant or the defendants' in a state-court action over which the federal courts would have original jurisdiction to remove that action to federal court. To remove under this provision, a party must meet the requirements for removal detailed in other provisions. For one, a defendant cannot remove unilaterally. Instead, 'all defendants who have been properly joined and served must join in or consent to the removal of the action.' [28 U.S.C.] § 1446(b)(2)(A).")

Here, Pollacco invoked the Court's diversity jurisdiction by filing his Notice of Removal "under 28 U.S.C. § 1441 because it is a civil action brought in state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C § 1332(a)(3) [governing diversity jurisdiction]" and stating "removal is proper because this is a civil action between citizens of different states" and "the amount in controversy exceeds $75,000." Dkt. 1, at 2-3. Pollacco, therefore, was required to obtain Impact's consent but failed to do so. Pollacco's Notice of Removal is styled "Defendant Jared Pollacco's Notice of Removal" and states that "Defendant JARED POLLACCO ('Defendant') hereby removes..." Dkt. 1, at 1. Nowhere in Pollacco's notice does he state that co-Defendant, Impact, consents to the removal,

9

nor does the notice indicate that it is filed on behalf of Impact. The Notice is signed by attorney Robert Bragalone as "Attorney[] for Defendant Jared Pollacco." *Id.* at 5. Also, the docket shows that Impact did not file its consent separately. While Impact has appeared before this Court by jointly filing a response, along with Pollacco, to Siblock's motion to remand, Impact has not expressed consent to removal. Rather, Impact incorrectly maintains that its consent was not required due to Defendants' interpretation of 28 U.S.C. § 1446(b)(2)(A) as well as the fact that Defendants were not properly served by Siblock. Dkt. 7, at 9-10.[2]

The undersigned finds that the failure to obtain Impact's consent, as required by § 1446(b)(2)(A) amounts to procedural defect. *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990); *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991) (stating a procedural defect is any defect does not go to the question of whether the case originally could have been brought in federal district court). Procedural defects must be raised in a motion to remand filed within 30 days of removal. 28 U.S.C. § 1447(c). Siblock's motion to remand was filed on July 17, 2023, 30 days exactly after the June 15, 2023, Notice of Removal. Siblock's motion is therefore timely.

The undersigned notes that "removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th

---

[2] While it is true that a co-defendant who has not been served when the Notice of Removal is filed need not consent to it, both Pollacco and Impact waived service when they filed their general answer and denial in state court. *See supra* Part III.B; *see also Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988).

Cir. 2008) (internal quotation and citation omitted). Due to Defendants' defective Notice of Removal, Siblock's motion to remand should be granted, and Siblock's cause of action should be remanded to the state court from which it originated.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Siblock's Motion to Remand, Dkt. 6. Siblock's cause of action should be remanded to the 261st District Court of Travis County, Texas. The referral of this case is **CANCELED.**

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 12, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE